Exhibit "A"

Case 1:22-cv-00769-NLH-SAK    Document 1-2    Filed 02/11/22    Page 2 of 21 PageID: 11



**HAGGERTY, GOLDBERG, SCHLEIFER, & KUPERSMITH, P.C**

92 Buck Road
Holland, PA 18966

CERTIFIED MAIL®

7020 3160 0001 7646 8159



UNITED STATES POSTAGE
PITNEY BOWES
$ 007.93⁰
02 1P
0002723487    JAN 21  2022
MAILED FROM ZIP CODE 18966

www.hgsklawyers.com

Caesars Entertainment Corporation
d/b/a Harrah's Resort Atlantic City
One Caesars Palace Drive
Las Vegas, NV 89109



**HAGGERTY, GOLDBERG, SCHLEIFER, & KUPERSMITH, P.C.**

**Scott J. Schleifer, Esquire**
*Attorney at Law*

HAGGERTY, GOLDBERG, SCHLEIFER, & KUPERSMITH, P.C.
92 Buck Road
Holland, PA 18966

Phone :    (267) 350 – 6600 ext. 144
Fax :       (267) 699-0244
Email :    SSchleifer@HGSKLawyers.com

January 21, 2022

Charles J. Schleifer
James C. Haggerty
Terry D. Goldberg
Richard T. Kupersmith
John J. Beichert
Mark J. Kogan

Ana R. Amarante-Craig *
Renae B. Axelrod
Matthew D. Colavita *
Scott J. Schleifer *
Jeffrey K. Stanton *
Jason R. Weiss *

Michael Alexanian *
Beth Bowers *
Joseph P. Bradica *
Eileen V. Dooley
Jason A. Lai
Jared M. Teich *
Angel Torres
Vazken Zerounian*

Special Counsel
Stephen David

Of Counsel
Bruce I. Kogan
Marshall Kresman *

\* *Member of NJ Bar*

**VIA CERTIFIED MAIL RRR No. 7020 3160 0001 7646 8159**
Caesars Entertainment Corporation
d/b/a Harrah's Resort Atlantic City
One Caesars Palace Drive
Las Vegas, NV 89109

RE:    **Linda Romano v. Harrah's Atlantic City Propco, LLC, et al.**
       **Superior Court of New Jersey, No. ATL-L-000110-22**

To Whom It May Concern:

Enclosed please find a copy of the Summons, Complaint, Case Information Sheet and Track Assignment Notice which have been filed with the Court in the above matter.

Thank you for your cooperation and prompt attention to this matter.

Very truly yours,

**HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.**

BY: _____
       SCOTT J. SCHLEIFER, ESQUIRE

SJS/sdt
Enclosures

*Offices throughout Pennsylvania:*

Allentown    Bethlehem    Hazleton    Holland    Kennett Square    Lancaster    Philadelphia    Reading

**WWW.HGSKLAWYERS.COM**

**SUMMONS**

Attorney(s) <u>Scott J. Schleifer, Esquire</u>

Office Address <u>1801 Market Street, Suite 1100</u>

Town, State, Zip Code <u>Philadelphia, PA 19103</u>

<br>

Telephone Number <u>267-350-6600</u>

Attorney(s) for Plaintiff <u>Linda Romano</u>

<u>Linda Romano</u>

Plaintiff(s)

vs.

<u>Harrah's Atlantic City Propco, LLC, et al.</u>

<u>See attached sheet.</u>

Defendant(s)

# Superior Court of
# New Jersey

<u>Atlantic</u>    County

<u>Law</u>    Division

Docket No: <u>ATL-L-000110-22</u>

<br>

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith

Clerk of the Superior Court

DATED: <u>01/14/2022</u>

Name of Defendant to Be Served: <u>Caesars Entertainment Corporation d/b/a Harrah's Resort Atlantic City</u>

Address of Defendant to Be Served: <u>One Caesars Palace Drive, Las Vegas, NV 89109</u>

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

DEFENDANTS:

| | |
|---|---|
| HARRAH'S ATLANTIC CITY PROPCO, LLC | : |
| 1 Harrah's Court, | : |
| Las Vegas, NV 89119 | : |
| and | : |
| HARRAH'S ATLANTIC CITY OPERATING | : |
| COMPANY LLC | : |
| 777 Harrah's Boulevard | : |
| Atlantic City, NJ 08401 | : |
| and | : |
| HARRAH'S ATLANTIC CITY, INC. | : |
| d/b/a HARRAH'S RESORT ATLANTIC CITY | : |
| 777 Harrah's Boulevard | : |
| Atlantic City, NJ 08401 | : |
| and | : |
| CAESARS ENTERTAINMENT | : |
| CORPORATION. d/b/a HARRAH'S RESORT | : |
| ATLANTIC CITY | : |
| One Caesars Palace Drive | : |
| Las Vegas, NV 89109 | : |
| and | : |
| JANE and/or JOHN DOES (1-10) | : |
| (Fictitious Individuals) | : |
| and | : |
| ABC CORPORATIONS (1-10) | : |
| (Fictitious Legal Entities) | : |

**HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.**
**BY:  Scott J. Schleifer, Esquire**                    **ATTORNEY FOR PLAINTIFF**
Attorney I.D. No:  038222011
1801 Market Street, Suite 1100
Philadelphia, PA  19103
(267) 350-6600

| | |
|---|---|
| LINDA ROMANO<br>2826 S. 16th Street<br>Philadelphia, PA 19145<br>    Plaintiff,<br><br>    vs.<br><br>HARRAH'S ATLANTIC CITY PROPCO, LLC :<br>1 Harrah's Court,<br>Las Vegas, NV 89119<br>    and<br>HARRAH'S ATLANTIC CITY OPERATING<br>COMPANY LLC<br>777 Harrah's Boulevard<br>Atlantic City, NJ 08401<br>    and<br>HARRAH'S ATLANTIC CITY, INC.<br>d/b/a HARRAH'S RESORT ATLANTIC CITY :<br>777 Harrah's Boulevard<br>Atlantic City, NJ 08401<br>    and<br>CAESARS ENTERTAINMENT<br>CORPORATION. d/b/a HARRAH'S RESORT :<br>ATLANTIC CITY<br>One Caesars Palace Drive<br>Las Vegas, NV 89109<br>    and<br>JANE and/or JOHN DOES (1-10)<br>(Fictitious Individuals)<br>    and<br>ABC CORPORATIONS (1-10)<br>(Fictitious Legal Entities)<br>          Defendants | SUPERIOR COURT OF NEW JERSEY<br>ATLANTIC COUNTY LAW DIVISION,<br>CIVIL ACTION<br><br>DOCKET NO.<br><br>COMPLAINT, JURY DEMAND, NOTICE<br>PURSUANT TO RULE 1:7-1(b),<br>CERTIFICATION PURSUANT TO RULE<br>4:5-1, DESIGNATION OF TRIAL COUNSEL,<br>DEMAND FOR DISCOVERY OF<br>INSURANCE COVERAGE,<br>DEMAND FOR ANSWERS TO FORM C<br>INTERROGATORIES, NOTICE PURSUANT<br>TO RULES 1:5-1(A) AND 4:17-4(C) |

The Plaintiff, Linda Romano, residing at 2826 S. 16th Street, Philadelphia, Pennsylvania, by

way of Complaint against the above named parties, says:

## FACTS COMMON TO ALL COUNTS

1. At all times relevant hereto, the defendant, Harrah's Atlantic City Propco, LLC., is/was a corporation and/or other business entity authorized to and conducting business in the State of New Jersey with its corporate headquarters and principal place of business located at 1 Harrah's Court, Las Vegas, NV 89119.

2. At all times relevant hereto, the defendant, Harrah's Atlantic City Operating Company LLC is/was a corporation and/or other business entity authorized to and conducting business in the State of New Jersey with its headquarters and principal place of business located at 777 Harrah's Boulevard, Atlantic City, NJ 89401.

3. At all times relevant hereto, the defendant, Harrah's Atlantic City, Inc. d/b/a Harrah's Resort Atlantic City is/was a corporation and/or other business entity authorized to and conducting business in the State of New Jersey with its headquarters and principal place of business located at 777 Harrah's Boulevard, Atlantic City, NJ 89401.

4. At all times relevant hereto, the defendant, Caesars Entertainment Corporation d/b/a Harrah's Resort Atlantic City is/was a corporation and/or other business entity authorized to and conducting business in the State of New Jersey with its headquarters and principal place of business located at One Caesars Palace Drive, Las Vegas, NV 89109.

5. At all times relevant hereto, the defendants, Harrah's Atlantic City Propco, LLC; Harrah's Atlantic City Operating Company LLC; Harrah's Atlantic City, Inc., and Caesars Entertainment Corporation owned, leased, rented, occupied, operated, controlled, supervised, managed, maintained and/or were otherwise responsible for the casino and hotel premises commonly known as "Harrah's Resort Atlantic City Hotel and Casino", including an attached

parking garage facility, located at or about 777 Harrah's Boulevard, Atlantic City, NJ 08401. Jersey (hereinafter "the premises").

6.  On or about January 17, 2020, at approximately 10:00 a.m., the Plaintiff, Linda Romano, was a business invitee of the defendants, Harrah's Atlantic City Propco, LLC; Harrah's Atlantic City Operating Company LLC; Harrah's Atlantic City, Inc., and Caesars Entertainment Corporation, and/or John Does (1-10), and/or ABC Corporations (1-10), and was lawfully on the premises within the scope of her invitation.

7.  At the aforesaid time and place, the Plaintiff, Linda Romano, was walking from an exit door towards the attached parking garage of the aforesaid premises, when she was caused to trip and fall and/or otherwise twist her body into sudden and unnatural contortions because of a dangerous curb or drop in elevation which was deceptive, confusing and/or otherwise improperly demarcated and lacking other warning sufficient to alert pedestrian invitees to the presence of the curb or drop-off.

8.  The aforementioned deceptive, confusing and/or otherwise improperly demarcated curb or drop-off condition was situated in an area over which pedestrians and business invitees would normally be expected to traverse.

9.  Defendants, Jane and/or John Does (1-10) are presently unidentified individuals who, at all times material to this action, individually and/or jointly owned, maintained, managed, possessed, operated, controlled and/or were otherwise responsible for or had performed repairs, installations, or modifications to the premises at or near the location of the aforesaid curb or drop-off condition. The pseudonymous designations are being used to preserve claims against these individuals, who will be named more fully if and when their identities are uncovered.

10.    Defendants, ABC Corporations (1-10) are fictitious names used to designate corporations, partnerships, sole proprietorships, and/or other similar legal entities registered to do business and/or regularly conducting business in the State of New Jersey, who, at all times material to this action, individually and/or jointly owned, maintained, managed, possessed, operated, controlled and/or were otherwise responsible for or had performed repairs, installations, or modifications to the premises at or near the location of the aforesaid curb or drop-off location. The pseudonymous designations are being used to preserve claims against these legal entities, each of which will be named more fully, if and when their identities are uncovered.

## FIRST COUNT

11.    Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as fully as if set forth herein at length.

12.    At all times relevant hereto, the Defendants, Harrah's Atlantic City Propco, LLC; Harrah's Atlantic City Operating Company LLC; Harrah's Atlantic City, Inc., and Caesars Entertainment Corporation had a duty to supervise, clean, inspect, maintain, control, and repair the aforesaid premises in a safe condition together with the appurtenances thereto and equipment thereon, and had a duty to provide the Plaintiff, Linda Romano, with a safe means of ingress and egress.

13.    The aforesaid deceptive, confusing and/or otherwise improperly demarcated curb or drop-off condition existed for a sufficient time prior to the time in which Plaintiff was injured for the Defendants Harrah's Atlantic City Propco, LLC; Harrah's Atlantic City Operating Company LLC; Harrah's Atlantic City, Inc., and Caesars Entertainment Corporation to have had notice of this condition.

14.     The Defendants Harrah's Atlantic City Propco, LLC; Harrah's Atlantic City Operating Company LLC; Harrah's Atlantic City, Inc., and Caesars Entertainment Corporation knew or should have known of the existence of this dangerous, defective and/or hazardous condition and/or caused and/or created the dangerous, defective and/or hazardous condition of the parking garage on the premises.

15.     At all times relevant hereto, the Defendants, Harrah's Atlantic City Propco, LLC; Harrah's Atlantic City Operating Company LLC; Harrah's Atlantic City, Inc., and Caesars Entertainment Corporation, individually and/or by their servants, agents, workmen and/or employees, were careless and negligent in the ownership, leasing, construction, design, management, maintenance, operation, control, repair, supervision, cleaning and inspection of the aforesaid premises together with the appurtenances adjacent thereto and thereon; created and/or maintained a nuisance and/or trap in connection with the aforesaid; failed to provide Plaintiff, Linda Romano, with a safe place of ingress and egress at the aforesaid premises; and by reason of the foregoing acts or omissions, any or of which all proximately caused Plaintiff, Linda Romano, to be injured on or about January 17, 2020, and to sustain severe traumatic injuries.

16.     Furthermore, the Defendants Harrah's Atlantic City Propco, LLC; Harrah's Atlantic City Operating Company LLC; Harrah's Atlantic City, Inc., and Caesars Entertainment Corporation, individually and/or by their servants, agents, workmen and/or employees, were negligent in that they:

      (a)  did fail to properly and timely inspect the premises for dangerous conditions that create a reasonably foreseeable risk of harm to pedestrians;

      (b)  did fail to provide a safe route of travel for pedestrians;

      (c)  did fail to safely maintain the premises;

      (d)  did cause a dangerous and hazardous condition to exist;

(d)  did allow the condition to exist;

(e)  did fail to correct the condition;

(f)  did fail to give Plaintiff, Linda Romano, warning of the condition;

(g)  did fail to fulfill the legal obligation to the Plaintiff, Linda Romano;

(h)  did violate New Jersey and local municipal laws and ordinances;

(i)  did violate applicable building codes; and

(j)  such other acts or omissions which may constitute negligence and carelessness which may be discovered through the course of discovery.

17.     By reason of the aforesaid, Plaintiff, Linda Romano, was severely and permanently injured, suffered, still suffers, and will in the future suffer, great pain and anguish; and was otherwise injured, damaged and restricted in her bodily movements, and was caused to suffer economic loss.

**WHEREFORE**, Plaintiff, Linda Romano demands judgment against the Defendants, Harrah's Atlantic City Propco, LLC; Harrah's Atlantic City Operating Company LLC; Harrah's Atlantic City, Inc., and Caesars Entertainment Corporation, jointly, severally, and/or alternatively for damages, interest, costs of suit, reasonable attorneys fees, and any other relief that this court may deem just and proper.

## SECOND COUNT

18.     Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as fully as if set forth herein at length.

19.     At all times relevant hereto, the Defendants, Jane and/or John Does (1-10) had a duty to supervise, clean, inspect, maintain, control, and repair the aforesaid premises in a safe condition together with the appurtenances thereto and equipment thereon, and had a duty to provide the Plaintiff, Linda Romano, with a safe means of ingress and egress.

20.     The aforesaid deceptive, confusing and/or otherwise improperly demarcated curb or drop-off condition existed for a sufficient time prior to the time in which Plaintiff was injured for the Jane and/or John Does (1-10) to have had notice of this condition.

21.     The Defendants Jane and/or John Does (1-10) knew or should have known of the existence of this dangerous, defective and/or hazardous condition and/or caused and/or created the dangerous, defective and/or hazardous condition of the parking garage on the premises.

22.     At all times relevant hereto, the Defendants Jane and/or John Does (1-10), individually and/or by their servants, agents, workmen and/or employees, were careless and negligent in the ownership, leasing, construction, design, management, maintenance, operation, control, repair, supervision, cleaning and inspection of the aforesaid premises together with the appurtenances adjacent thereto and thereon; created and/or maintained a nuisance and/or trap in connection with the aforesaid; failed to provide Plaintiff, Linda Romano, with a safe place of ingress and egress at the aforesaid premises; and by reason of the foregoing acts or omissions, any or all of which proximately caused Plaintiff, Linda Romano, to be injured on or about January 17, 2020, and to sustain severe traumatic injuries.

23.     Furthermore, the Defendants Jane and/or John Does (1-10), individually and/or by their servants, agents, workmen and/or employees, were negligent in that they:

> (a) did fail to properly and timely inspect the premises for dangerous conditions that create a reasonably foreseeable risk of harm to pedestrians;
>
> (b) did fail to provide a safe route of travel for pedestrians;
>
> (c) did fail to safely maintain the premises;
>
> (d) did cause a dangerous and hazardous condition to exist;
>
> (d) did allow the condition to exist;
>
> (e) did fail to correct the condition;

(f)  did fail to give Plaintiff, Linda Romano, warning of the condition;

(g)  did fail to fulfill the legal obligation to the Plaintiff, Linda Romano;

(h)  did violate New Jersey and local municipal laws and ordinances;

(i)  did violate applicable building codes; and

(j)   such other acts or omissions which may constitute negligence and carelessness which may be discovered through the course of discovery.

**WHEREFORE**, Plaintiff, Linda Romano demands judgment against the Defendants, Jane and/or John Does (1-10), jointly, severally, and/or alternatively for damages, interest, costs of suit, reasonable attorneys fees, and any other relief that this court may deem just and proper.

## THIRD COUNT

24.    Plaintiff incorporates herein by reference each and every preceding paragraph of this Complaint as fully as if set forth herein at length.

25.    At all times relevant hereto, the Defendants, ABC Corporations (1-10) had a duty to supervise, clean, inspect, maintain, control, and repair the aforesaid premises in a safe condition together with the appurtenances thereto and equipment thereon, and had a duty to provide the Plaintiff, Linda Romano, with a safe means of ingress and egress.

26.    The aforesaid deceptive, confusing and/or otherwise improperly demarcated curb or drop-off condition existed for a sufficient time prior to the time in which Plaintiff was injured for the Defendants ABC Corporations (1-10) to have had notice of this condition.

27.    The Defendants ABC Corporations (1-10) knew or should have known of the existence of this dangerous, defective and/or hazardous condition and/or caused and/or created the dangerous, defective and/or hazardous condition of the parking garage on the premises.

28.    At all times relevant hereto, the Defendants, ABC Corporations (1-10), individually and/or by their servants, agents, workmen and/or employees, were careless and

negligent in the ownership, leasing, construction, design, management, maintenance, operation, control, repair, supervision, cleaning and inspection of the aforesaid premises together with the appurtenances adjacent thereto and thereon; created and/or maintained a nuisance and/or trap in connection with the aforesaid; failed to provide Plaintiff, Linda Romano, with a safe place of ingress and egress at the aforesaid premises; and by reason of the foregoing acts or omissions, any or all of which proximately caused Plaintiff, Linda Romano, to be injured on or about January 17, 2020, and to sustain severe traumatic injuries.

29.    Furthermore, the Defendants ABC Corporations (1-10), individually and/or by their servants, agents, workmen and/or employees, were negligent in that they:

(a)   did fail to properly and timely inspect the premises for dangerous conditions that create a reasonably foreseeable risk of harm to pedestrians;

(b)   did fail to provide a safe route of travel for pedestrians;

(c)   did fail to safely maintain the premises;

(d)   did cause a dangerous and hazardous condition to exist;

(d)   did allow the condition to exist;

(e)   did fail to correct the condition;

(f)   did fail to give Plaintiff, Linda Romano, warning of the condition;

(g)   did fail to fulfill the legal obligation to the Plaintiff, Linda Romano;

(h)   did violate New Jersey and local municipal laws and ordinances;

(i)   did violate applicable building codes; and

(j)   such other acts or omissions which may constitute negligence and carelessness which may be discovered through the course of discovery.

**WHEREFORE**, Plaintiff, Linda Romano demands judgment against the Defendants, ABC Corporations (1-10), jointly, severally, and/or alternatively for damages, interest, costs of suit, reasonable attorneys fees, and any other relief that this court may deem just and proper.

                              **HAGGERTY, GOLDBERG, SCHLEIFER
                              & KUPERSMITH, P.C.**

                   BY:    _____
                              SCOTT J. SCHLEIFER, ESQUIRE
                              Attorney for Plaintiff, Linda Romano

Date: January 14, 2022


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that the plaintiff hereby demands a trial by jury as to all issues.

                              **HAGGERTY, GOLDBERG, SCHLEIFER
                              & KUPERSMITH, P.C.**

                   BY:    _____
                              SCOTT J. SCHLEIFER, ESQUIRE
                              Attorney for Plaintiff

DATE:  January 14, 2022

## NOTICE PURSUANT TO RULE 1:7-1(b)

**PLEASE TAKE NOTICE** that, to the extent applicable, Plaintiff may, at the time of closing argument, suggest to the trier of fact that with respect to any element of damages, unliquidated damages are to be calculated on a time-unit basis, without reference to a specific sum.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, the Court is advised that SCOTT J. SCHLEIFER, Esquire, is hereby designated as trial counsel for Plaintiff in this case.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to 4:10-2(b) demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnity for payment made to satisfy the judgment.

If so, attach a copy of each or in the alternative, state under oath or certification (a) policy number; (b) name and address of insurer or issuer; (c) inception and expiration date; (d) names and addresses of all person thereunder; (e) personal injury policy limits; (f) medical payment limits; (g) excess coverage available thereunder; and (h) separate claim number (if applicable).

## DEMAND FOR ANSWERS TO FORM C and C (2) INTERROGATORIES

Pursuant to Rule 4:17-1(b), Plaintiff hereby demands that Defendants provide full and complete answers to the uniform interrogatories set forth in Form C and C(2) of Appendix II of the Rules Governing the Courts of the State of New Jersey.

## NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4(c)

TAKE NOTICE that the undersigned attorney for the Plaintiff hereby demands, pursuant to Rules 1:5-1(a) and 4:17-4(c) that each party herein serving pleadings and interrogatories and receiving answers thereto serve copies of all such pleadings and answered interrogatories received from any party upon the undersigned and TAKE NOTICE that there is a continuing demand.

## CERTIFICATION PURSUANT TO RULE 4:5-1

It is hereby certified that the matter in controversy here is not the subject of other actions and is likewise not the subject of any pending arbitration proceeding.

It is further certified that no other action or arbitration proceeding is contemplated regarding the subject matter of this action, and that all known necessary parties have been joined in this action.

**HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C.**

BY: _Scott Schleifer_____

SCOTT J. SCHLEIFER, ESQUIRE
Attorney for Plaintiff

Date: January 14, 2022

## VERIFICATION

The undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel, as well as information gathered by counsel in the course of this lawsuit. Signer verifies that he has read the within pleading and that is true and correct to the best of the signer's knowledge, information and belief. This Verification is made subject to the penalties relating to unsworn falsifications.

SCOTT J. SCHLEIFER, ESQUIRE
Attorney for Plaintiff

Dated:  January 14, 2022

ATL-L-000110-22   01/14/2022 7:35:25 PM   Pg 1 of 2 Trans ID: LCV2022170965

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-000110-22

**Case Caption:** ROMANO LINDA  VS HARRAH'S ATLANTIC CITY PROPCO

**Case Initiation Date:** 01/14/2022

**Attorney Name:** SCOTT J SCHLEIFER

**Firm Name:** HAGGERTY GOLDBERG SCHLEIFER & KUPERSMITH PC

**Address:** 1801 MARKET ST STE 1100

PHILADELPHIA PA 19422

**Phone:** 2673506600

**Name of Party:** PLAINTIFF : Romano, Linda

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Linda Romano?** NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/14/2022
Dated

/s/ SCOTT J SCHLEIFER
Signed

ATL-L-000110-22   01/14/2022 7:35:25 PM  Pg 2 of 2 Trans ID: LCV2022170965

ATL L 000110-22  01/15/2022 4:59:19 AM Pg 1 of 1 Trans ID: LCV2022172858

ATLANTIC COUNTY LAW DIVISION
SUPERIOR COURT OF NEW JERSEY
1201 BACHARACH BLVD
ATLANTIC CITY    NJ 08401

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 402-0100
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:   JANUARY 14, 2022
                    RE:     ROMANO LINDA  VS HARRAH'S ATLANTIC CI TY PROPCO
                    DOCKET: ATL L -000110 22

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JAMES P. SAVIO

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (609) 402-0100 EXT 47790.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                              ATT: SCOTT J. SCHLEIFER
                              HAGGERTY GOLDBERG SCHLEIFER &
                              1801 MARKET ST
                              STE 1100
                              PHILADELPHIA     PA 19422

ECOURTS